UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KERRI BOYLE,

    Plaintiff,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

Doing business as,

FIRST RELIANCE STANDARD LIFE
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, KERRI BOYLE ("BOYLE"), by and through her undersigned counsel, hereby sues RELIANCE STANDARD LIFE INSURANCE COMPANY d/b/a FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY ("FIRST RELIANCE"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. BOYLE brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. BOYLE was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. FIRST RELIANCE is a foreign corporation doing business in Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, FIRST RELIANCE, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to BOYLE by FIRST RELIANCE.

6. BOYLE was at all times material a plan participant under Monster World Wide, Inc. Long Term Disability Insurance Policy, Group Policy No. LTD 120010 (the "LTD Plan"), which was issued to Monster World Wide, Inc. and pursuant to which BOYLE is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

7. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

8. FIRST RELIANCE is the insurer of benefits under the LTD Plan and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

9. As the decision maker and payer of plan benefits, FIRST RELIANCE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, FIRST RELIANCE is not entitled to a deferential standard of review.

10. FIRST RELIANCE is the fiduciary charged with making benefit determinations under

the LTD Plan, including the determinations made on BOYLE's claim at issue.

11. Pursuant to the terms and conditions of the LTD Plan, BOYLE is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan, disability is defined as follows:

> "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:
> (1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation;
>    (a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;
>    (b) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and
> (2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of any occupation. Any occupation is one for which the Insured is reasonably fitted by education, training, and experience. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a Full-time basis.
>
> If an Insured is employed by you and requires a license for such occupation, the loss of such license for any reason does not in and of itself constitute "Total Disability".

13. At all relevant times, BOYLE complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

14. Since approximately September 18, 2010, BOYLE has been disabled under the terms of the LTD Plan.

15. Since on or about September 18, 2010, as a result of an injury or sickness, BOYLE cannot perform the material duties of her regular occupation.

16. Since on or about September 18, 2010, as a result of an injury or sickness, BOYLE cannot perform the material duties of any occupation, as defined by the LTD Plan.

17. At all relevant times, BOYLE has been under the regular care and treatment of a physician.

18. At all relevant times, BOYLE was a Covered Person under the LTD Plan.

19. Shortly after becoming disabled, BOYLE made a claim to FIRST RELIANCE under the LTD Plan for disability benefits which FIRST RELIANCE initially approved and paid until December 19, 2014.

20. By letter dated December 19, 2014, FIRST RELIANCE denied BOYLE'S continued claim for benefits.

21. BOYLE timely and properly submitted an appeal of FIRST RELIANCE's December 19, 2014 adverse determination.

22. By letter dated August 16, 2016, FIRST RELIANCE upheld its previous decision to deny BOYLE'S claim beyond December 19, 2014 and advised her that all administrative remedies had been exhausted.

23. From December 19, 2014 to the present date, BOYLE has not received benefits owed to her under the LTD Plan, despite BOYLE's right to these benefits.

24. FIRST RELIANCE has refused to pay BOYLE's LTD benefits since December 19, 2014.

25. At all relevant times, FIRST RELIANCE was the payer of benefits.

26. At all relevant times, FIRST RELIANCE was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, FIRST RELIANCE was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

28. At all relevant times, BOYLE has been and remains Disabled and entitled to LTD benefits from FIRST RELIANCE under the terms of the LTD Plan.

29. BOYLE has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

30. BOYLE incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), BOYLE, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. BOYLE has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of FIRST RELIANCE's failure to pay him disability benefits.

34. BOYLE has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to BOYLE at a time when FIRST RELIANCE knew, or should have known, that BOYLE was entitled to those benefits under the terms of the LTD Plan, as BOYLE was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of BOYLE's claim for LTD benefits;

    (c) After BOYLE's claim was terminated in whole or in part, FIRST RELIANCE failed to adequately describe to BOYLE any additional

material or information necessary for BOYLE to perfect her claim along with an explanation of why such material is or was necessary.

   (d) FIRST RELIANCE failed to properly and adequately investigate the merits of BOYLE's disability claim and failed to provide a full and fair review of BOYLE'S claim.

36. BOYLE believes and thereon alleges that FIRST RELIANCE wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which BOYLE is presently unaware, but which may be discovered in this future litigation and which BOYLE will immediately make FIRST RELIANCE aware of once said acts or omissions are discovered by BOYLE.

37. Following the termination of benefits under the LTD Plan, BOYLE exhausted all administrative remedies required under ERISA, and BOYLE has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of FIRST RELIANCE, BOYLE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding BOYLE's claim for benefits, BOYLE, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1),  BOYLE is entitled to have such fees and costs paid by FIRST RELIANCE.

40. The wrongful conduct of FIRST RELIANCE has created uncertainty where none should exist, therefore, BOYLE is entitled to enforce his rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, KERRI BOYLE prays for relief against FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of he disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: September 1, 2016

        ATTORNEYS DELL AND SCHAEFER,
        CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL  33020
        Phone: (954) 620-8300
        Fax: (954) 922-6864

        _/s/Rachel Alters_____
        RACHEL ALTERS, ESQ.
        Florida Bar No.: 106232
        Email: Rachel@diattorney.com

                                            GREGORY MICHAEL DELL, ESQUIRE
                                            Florida Bar No.: 299560
                                            Email: gdell@diattorney.com